Matter of Matthews v Altstetter (2018 NY Slip Op 05126)





Matter of Matthews v Altstetter


2018 NY Slip Op 05126


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.,


7098N 654285/16

[*1] In re John S. Matthews, Petitioner-Appellant,
v
Mark Altstetter, Respondent-Respondent.


Perkins Coie LLP, Seattle, WA (Eric D. Miller of the bar of the State of Washington, the District of Columbia and the State of California, admitted pro hac vice of counsel), for appellant.
Dayton P. Haigney, New York, for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 30, 2017, which denied the petition to vacate an arbitration award, confirmed the award and dismissed the proceeding, unanimously affirmed, with costs.
The motion court properly found that the award was not in manifest disregard of the law (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480-482 [2006], cert dismissed 548 US 940 [2006]), given the basis for inferring that the arbitrator found that petitioner, as chief executive officer of a brokerage house, was a "control person" under the governing Oregon statute (OR Rev Stat § 59-115[3]), and failed to carry his burden under that statute of proving that he lacked constructive knowledge of the broker's misconduct.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK